**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD KEVIN HENRY,<br><br>                 Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections; KAMALA D. HARRIS, The Attorney General of the State of California,<br><br>                 Respondents. | CASE NO. 12-cv-1760-LAB (WMc)<br><br>**REPORT & RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS** |

**Introduction**

Petitioner, Edward Kevin Henry ("Henry"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus claiming prison officials at Centinela State Prison denied his due process rights by finding him guilty of possessing inmate manufactured alcohol without any evidence the substance found in his possession was actually alcohol. (ECF No. 1). Respondent did not file a responsive pleading in this action.

The Court submits this Report and Recommendation to United States District Judge Larry A. Burns pursuant to 28 U.S.C. section 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California. After reviewing the petition, the Court recommends the petition be denied.

**Background**

In its February 22, 2012 reasoned decision denying the petition, the California Court of Appeal summarized the facts, to which a presumption of correctness attaches. 28 U.S.C. §2254(e)(1):

> Edward Henry states he is serving 30 years in prison after being convicted of multiple counts of robbery in the County of Los Angeles in 2006. On May 13, 2011, Henry was found guilty of possessing inmate-manufactured alcohol in Centinela State Prison in violation of California Code of Regulations, title 15, section 3016, subdivision (a). As a result, Henry lost 120 days time credit and various privileges. He exhausted his administrative remedies and the Superior Court of Imperial County denied his petition on January 6, 2012.
>
> Henry challenges the disciplinary finding, claiming he possessed a laxative mixed with juice, not inmate-manufactured alcohol. He contends the substance should have been tested under section 3290.
>
> "Inmates shall not inhale, ingest, inject, or otherwise introduce into their body; use, possess, manufacture, or have under their control any controlled substance, medication, or alcohol, except as specifically authorized by the institution's/facility's health care staff." (§ 3016, subd. (a).) "The department shall prescribe the products, equipment, and methods for testing suspected controlled substances or for the use of alcohol. 'Field' or on-site testing shall be conducted only by trained personnel." (§ 3290, subd. (a).) "Field tests may be performed on any suspected substance found on institution property or in the possession or under the control of any inmate, or in the possession or under the control of persons other than inmates who come on institution property." (*Id.*, subd. (b).)
>
> The record shows on April 26, 2011, Correctional Officer L. Sanchez conducted a "linen sweep" in the building where Henry was housed. In Henry's cell Officer Sanchez found a coffee jar three-quarters full or orange pulpy liquid. The jar was located inside a laundry bag under the lower bunk assigned to Henry. Sanchez searched further and found a second full jar hidden behind clothing on a shelf assigned to Henry's cellmate Banks. According to Officer Sanchez, the liquid in the jars had a strong odor of alcohol. Officer Sanchez disposed of the liquid.
>
> Prison disciplinary findings must be supported by "some evidence." (*In re Rothwell* (2008) 164 Cal.App.4th 160, 165, citing *Superintendent v. Hill*, (1985) 472 U.S. 445, 455.) Ascertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or

1　　　　weighing of the evidence. Instead the relevant question is whether there
2　　　　is any evidence in the record that could support the conclusion reached
　　　　　by the prison authorities. (*Hill*, at pp. 455-456.)

3　　　　The hidden locations of the jars and the officer's determination the
4　　　　liquid was inmate-manufactured alcohol is some evidence to support
　　　　　the disciplinary finding that Henry possessed alcohol in violation of
　　　　　section 3016, subdivision (a). Section 3290 authorizes, but does not
5　　　　mandate, field testing of suspected controlled substances and alcohol.

6　　　　The petition is denied.

7　(ECF No. 1 at pp. 22-23)

8　**Standard of Review**

9　　　　The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
10　codified under 28 USC section 2254, provides "the exclusive vehicle for a habeas
11　petition by a state prisoner in custody pursuant to a state court judgment, even when
12　the [p]etitioner is not challenging his underlying state court conviction." *White v.*
13　*Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004). Under the AEDPA, the court may
14　entertain a petition for habeas relief on behalf of a California state inmate "only on
15　the ground that he is in custody in violation of the Constitution or laws or treaties of
16　the United States." 28 USC § 2254(a).

17　　　　The writ may not be granted unless the state court's adjudication of any claim
18　on the merits: "(1) resulted in a decision that was contrary to, or involved an
19　unreasonable application of, clearly established Federal law, as determined by the
20　Supreme Court of the United States; or (2) resulted in a decision that was based on
21　an unreasonable determination of the facts in light of the evidence presented in the
22　State court proceeding." 28 USC § 2254(d). Under this deferential standard, federal
23　habeas relief will not be granted "simply because [this] court concludes in its
24　independent judgment that the relevant state-court decision applied clearly
25　established federal law erroneously or incorrectly. Rather, that application must also
26　be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

27　　　　While circuit law may provide persuasive authority in determining whether
28　the state court made an unreasonable application of Supreme Court precedent, the

1  only definitive source of clearly established federal law under 28 USC section
2  2254(d) rests in the holdings (as opposed to the dicta) of the Supreme Court as of the
3  time of the state court decision. *Williams*, 529 U.S. at 412; *Clark v. Murphy*, 331
4  F.3d 1062, 1069 (9th Cir. 2003).

5      A federal district court reviews the last reasoned state court opinion. *See Ylst*
6  *v. Nunnemaker*, 501 U.S. 797, 803 (1991). Here, it appears the state courts' last
7  reasoned decision issued from the California Court of Appeal on February 22, 2012.
8  (ECF No. 1, p. 22). The Court will review the state appellate court's decision to
9  determine if it unreasonably applied controlling federal law. *See Delgado v. Lewis*,
10  223 F.3d 976, 982 (9th Cir.2000).

11 **Discussion**

12      Henry presents three grounds for federal habeas corpus relief. *First*, Henry
13  contends prison officials failed to present "some evidence" at his disciplinary
14  hearing that a jar found in his possession contained inmate manufactured alcohol.
15  Henry contends no evidence of alcohol was introduced at the hearing because the
16  corrections officer who allegedly found the alcohol, Officer Sanchez, immediately
17  poured the substance down the drain, thus destroying the only evidence of the
18  alleged rule infraction. Henry contends the destruction of evidence violates his due
19  process rights. *Second*, Henry contends Officer Sanchez failure to have another
20  corrections officer confirm the presence of alcohol also violated his due process
21  rights. Henry cites *Cato v. Rushen*, 824 F.2d 703 (9th Cir. 1987) to support his
22  contention that the uncorroborated testimony of one prison official is insufficient to
23  find a prisoner guilty of possessing alcohol. *Third*, Henry claims Officer Sanchez
24  failed to test the substance as required by California Department of Corrections and
25  Rehabilitation title 15. (ECF No. 1, pp. 1-8).

26      On habeas corpus, the Court's inquiry into the sufficiency of evidence to
27  support a prison disciplinary determination is extremely limited. The Court examines
28  the record to determine if there is "some evidence from which the conclusion of the

administrative tribunal could be deduced . . . ." *Hill*, 472 U.S. 445, 455 (1985) (quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. Even evidence that is "meager" or indirect may support a prison disciplinary determination. *Id.* at 457.

Here, Henry's first claim fails because Officer Sanchez' statement confirming the jars contained alcohol as well as the location in which Officer Sanchez found the jars, satisfies the "some evidence" requirement. *See Hurd v. Scribner*, No. 06CV0413-LAB (JMA), 2008 WL 544265 at 7* (S.D. Cal. Feb. 27, 2008); *Barnes v. Salazar*, No. 05-CV-2258 W (JMA), 2007 WL 1110740 at 6* (S.D. Cal. Feb. 6, 2007). Thus, Henry's argument that Officer Sanchez destroyed the *only* evidence of the alleged infraction lacks merit; Officer Sanchez testimony of what he found in Henry's cell, where he found it and what it smelled like is evidence of Henry's possession of inmate manufactured alcohol.

Similarly, Henry's second claim fails because the "some evidence" standard does not require additional evidence to corroborate a correctional officer's statement. *See id*. Henry's reliance on *Cato*, *supra*, is unavailing because in *Cato* "the only evidence implicating [the inmate] was the uncorroborated hearsay statement of a confidential informant" whereas here the prison's disciplinary findings relied on the report of the officer who performed the "linen sweep," detected the odor of alcohol, and discovered two hidden jars of alcohol. *See Cato*, 824 F.2d at 705. Therefore, the evidence present here, unlike the evidence present in *Cato*, has an indicia of reliability sufficient to serve as "some evidence" that Henry possessed alcohol. *See id*.

Henry's third claim also fails. Under 15 California Code of Regulations section 3000, a "Controlled Substance means any substance, drug, narcotic, opiate, hallucinogen, depressant, or stimulant as defined by California Health and Safety Code section 11007." California Health and Safety Code section 11007, which refers

to schedules contained in Health and Safety Code sections 11054-11058, does not list alcohol as a controlled substance. "Alcohol is not a controlled substance within the meaning of the Uniform Controlled Substances Act." *People v. Orozco*, 209 Cal.App.4th 726, 733 (2012). California law does not require laboratory testing of confiscated alcohol before disciplinary action for the manufacture or possession of alcohol resulting in the loss of work/behavior credits. *See* 15 Cal. Code. Reg. § 3290(e). Although Henry contends California law should require laboratory testing of confiscated alcohol, California law does not require such testing, and "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

In sum, the disciplinary finding relied on "some evidence" to determine Henry possessed inmate manufactured alcohol. The court of appeals properly applied controlling Supreme Court authority and reasonably determined the facts in light of the evidence presented at the disciplinary hearing. Despite Henry's perceived inadequacies in the evidence presented below, the Court concludes Henry received the process due him under federal law. Accordingly, the Court recommends the petition be denied and dismissed.

**Conclusion and Recommendation**

The Court submits this Report and Recommendation to United State District Judge Larry A. Burns under 28 U.S.C. section 636(b)(1) and Local Civil Rule HC.2 of the United States District court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** this habeas Petition be **DENIED** in its entirety. **IT IS FURTHER RECOMMENDED** the Court issue an Order (1) approving and adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition.

**IT IS HEREBY ORDERED** no later than **April 23, 2013** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

    **IT IS HEREBY FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **April 30, 2013**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: April 2, 2013

                                                   Hon. William McCurine, Jr.
                                                   U.S. Magistrate Judge, U.S.District Court