# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KEVIN HENRY,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>MATTHEW CATE,<br><br>　　　　　　　　　Respondent. | CASE NO. 12-CV-1760-LAB-WMC<br><br>**ORDER DENYING HABEAS PETITION** |

Edward Henry, a prisoner in state custody, filed a petition for writ of habeas corpus in this Court challenging a 2011 disciplinary finding that he possessed inmate-manufactured alcohol. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) and (d), the petition was referred to Magistrate Judge McCurine for a report and recommendation. Judge McCurine issued his R&R and Henry filed objections to it. For the reasons given below, the Court **ADOPTS** the R&R in its entirety.

## I.    Legal Standard

In reviewing an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*,

but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Henry is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The actual standard for habeas relief is familiar and comes directly from the relevant statute. Under 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

28 U.S.C.A. 2254(d).

## II. Discussion

As the R&R outlines, Henry presents three claims for relief. The first is that prison officials failed to present "some evidence" at his disciplinary hearing that he possessed inmate-manufactured alcohol. The second is that the uncorroborated testimony of the prison guard who found and disposed of the alcohol, Officer Sanchez, was constitutionally inadequate to find him guilty of possessing the alcohol. The third is that Officer Sanchez failed to test the alcohol as required by California Department of Corrections Regulations.

With respect to the first claim, prison disciplinary convictions must be supported by "some evidence" in order to satisfy due process. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* That evidence can even be characterized as "meager" and still be constitutionally adequate. *Id.* at 457. Here, Officer Sanchez stated that he found coffee jars filled with an orange pulpy liquid in a laundry bag

under Henry's bed, and that they had a strong odor of alcohol. That statement is certainly "some evidence" that Henry possessed inmate-manufactured alcohol. Henry appears to argue in his objection to the R&R that a fuller adjudication of the facts may have resulted in a favorable finding, and that the liquid Officer Sanchez found could have been vinegar or old fruit juice. That of course misunderstands the legal standard for a due process violation. The question isn't what the facts may show, or can be argued to show; the question is simply whether "some evidence" supports the finding. The Court of Appeal's ruling was not contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts.

Henry's second claim likewise fails. There is no constitutional requirement that the statement of Officer Sanchez be corroborated. It is enough that the statement is "some evidence" supporting the finding that Henry possessed inmate-manufactured alcohol. For the reasons the R&R gives, *Cato v. Rushen*, 824 F.2d 703 (9th Cir. 1987) isn't helpful to Henry. That case involved the uncorroborated hearsay statement of a confidential informant, which isn't comparable to the statement of Officer Sanchez, who actually performed the linen sweep and recovered the liquid he believed to be alcohol.

The biggest problem with Henry's third claim, as the R&R observes, is that federal habeas relief isn't available for errors of state law. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Even taking Henry's claim at face value, however, the Court struggles to understand it. His objection to the R&R cites 15 Cal. Code Reg. § 3016(a), which merely prohibits inmates from possessing controlled substances and alcohol. And then he cites § 3290, which says, among other things, that: (1) CDC can prescribe the methods for testing for controlled substances or alcohol; (2) field tests may be performed on suspected substances; and (3) urine samples may be taken from inmates. Nowhere in these regulations is the requirement that an inmate can't be found guilty of possessing alcohol unless the liquid in question is actually tested and confirmed to be alcohol. Indeed, as the R&R observes, alcohol doesn't qualify as a controlled substance, so any regulation to the

/ /

effect that controlled substances must be tested is inapplicable. *See* 15 Cal. Code Reg. 3290(e).

### III. Conclusion

The Court **ADOPTS** the R&R in its entirety, and **OVERRULES** Henry's objections to it. The Court will also deny Henry a certificate of appealability. A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that this standard for a COA hasn't been met in this case.

**IT IS SO ORDERED**.

DATED: January 13, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge